UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AUDREY L. KIMNER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.  25-01377 (UNA) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

Plaintiff, appearing *pro se*, has filed a complaint against the United States and an application to proceed *in forma pauperis* (IFP). For the following reasons, the Court grants the IFP application and dismisses the complaint.

"Federal courts are courts of limited jurisdiction" possessing "only that power authorized by Constitution and statute," and it is "presumed that a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). The United States is immune from suit save "clear congressional consent," *United States v. Mitchell*, 445 U.S. 535, 538 (1980), which "must be unequivocally expressed in statutory text." *Lane v. Pena*, 518 U.S. 187, 192 (1996) (cleaned up). A party seeking relief in the district court must plead facts that bring the suit within the court's jurisdiction, *see* Fed. R. Civ. P. 8(a), or suffer dismissal of the case, Fed. R. Civ. P. 12(h)(3).

In the "Complaint for a Civil Case Alleging that the Defendant Owes Plaintiff a Sum of Money (28 U.S.C. § 1332; Diversity of Citizenship)," ECF No. 1, Plaintiff alleges, among other things, that "[t]he case in the U.S. Supreme Court is in default in the amount of $120,000,000."

Compl. at 3.  Plaintiff appears to seek judicial review of the decisions of other courts, including the U.S. Supreme Court.  *See* Compl. at 6-10.

The diversity statute confers jurisdiction in the district courts over civil actions "where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States."  28 U.S.C. § 1332.  "It is well established, however, that the United States is not a citizen for diversity purposes," *Commercial Union Ins. Co. v. U.S.*, 999 F. 2d 581, 584 (D.C. Cir. 1993), thereby defeating Plaintiff's asserted basis of jurisdiction.

A complaint may be dismissed "on jurisdictional grounds" also when, as here "it is 'patently insubstantial,' presenting no federal question suitable for decision."  *Tooley v. Napolitano*, 586 F.3d 1006, 1009 (D.C. Cir. 2009) (quoting *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994)).  A district court "may not order the judges or officers of a higher court to take an action," *Panko v. Rodak*, 606 F.2d 168, 171 n.6 (7th Cir. 1979*), cert. denied*, 444 U.S. 1081 (1980), nor generally review another court's decision and order it to take an action.  *See Gray v. Poole*, 275 F.3d 1113, 1119 (D.C. Cir. 2002) (discussing the *Rooker-Feldman* doctrine); *United States v. Choi*, 818 F. Supp. 2d 79, 85 (D.D.C. 2011) (district courts "generally lack[] appellate jurisdiction over other judicial bodies, and cannot exercise appellate mandamus over other courts.") (citation omitted)). Consequently, this case will be dismissed by separate order.

Date: August 19, 2025

/s/
JIA M. COBB
United States District Judge